## BRETTELL *v.* McMASTER.

ADVERSE CLAIM—SUIT IN COURT—JURAT. The adverse claim in this case was sworn to by an attorney and not by the claimant, and was accordingly dismissed. No appeal was taken from the order of dismissal. But suit had been commenced by the adverse claimant in Court, and as a large part of the applicant's claim is involved, action in the Land Department is suspended to await the result of the Court proceedings.

SECRETARY TELLER *to Commissioner McFarland, December* 7, 1883.

I have considered the appeal of Samuel McMaster from your decision of March 19, 1883, in the matter of the Lincoln Quartz mine, No. 132, in the Deadwood, Dakota, land district.

It appears that McMaster filed an application for patent for this mine October 30, 1878, and that December 30th following, during the period of McMaster's publication, George Brettell, as attorney for F. S. and A. L. Brettell, filed an adverse claim for the Greenback lode, sworn to by himself, and that suit was commenced thereon January 27, 1879. On February 25, 1880, you dismissed the adverse claim for the reason that it was not sworn to by either of the claimants, but by their attorney. No appeal was taken from this dismissal.

March 30, 1880, McMaster filed in your office a certificate of the clerk of the Court that no suit was pending involving title

to any part of the Lincoln claim, except the one brought by A. L. and F. S. Brettell, as owners of the Greenback lode *vs.* him as owner of the Lincoln claim.

On these facts you held it would be improper for you to issue patent to McMaster pending suit in a Court of competent jurisdiction involving the possessory title to a large portion of the Lincoln claim, until he filed in your office a certificate from the clerk of the Court that the suit had been dismissed, or had been decided in his favor. Although section 2326 of the Revised Statutes requires that, "An adverse claim shall be upon oath of the person or persons making the same," and the present claim was filed upon oath of their attorney only, and although your decision dismissing the adverse claim became final against such claimants for want of appeal so far as respects proceedings in the Land Department, I am of the opinion that the claim having acquired a status in the Courts, the question of its regularity and validity should be left to the judgment of the Court, and that pending the proceeding, this Department should take no action therein.

Your decision is affirmed.

---

The case of the *Union Mutual Life Insurance Company of Maine* v. *Stevens et al.*, decided by Judge Blodgett in the United States Circuit Court at Chicago, on the 26th ult., involved the right of a person to change the name of a beneficiary in his life insurance policy. It appeared that in 1853, one Samuel B. Stevens insured his life for $1,200 for the benefit of his wife, Mary F. Stevens, and heir, in the Union Mutual Life Insurance Association. Three years later his wife died, leaving one child, his only heir. In 1869 Stevens married a second time, and in the following year he applied to the company to have his policy changed so as to make it run in favor of his heirs. This the company refused to do, but suggested that the old policy be allowed to lapse, and that a new one be taken out by Stevens for his own use, which was done. Upon Stevens' death the daughter of the first wife claimed that the second policy was merely a continuation of the first, and that under the first she was entitled to the money as heir of her mother. The second wife, as executrix of her husband's estate, laid claim to